# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Jonathan Hull | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL CASE NO |
| | : | 3:17-cv-01475 (VAB) |
| Timothy Ponzani | : | |
| Barry Clifton | : | |
| Gregory Hendrickson | : | |
| Grace Baptist Church | : | |
| Defendants. | : | |

### Ruling Dismissing the Case *Sua Sponte*

Jonathan L. Hull ("Plaintiff") initiated this *pro se* action on September 1, 2017, filing both a complaint and a motion to proceed *in forma pauperis*. This case is **DISMISSED** and all other pending motions are therefore **DENIED** as moot.

Mr. Hull filed this action *pro se*, alleging that defendants "actively or passively participated" in the violation of twelve separate sections of the United States Code. Compl., ECF No. 1 at 2. He seeks "$1,000 and emotional damages" as a remedy. *Id.* He subsequently filed a motion for leave to proceed *in forma pauperis*. Mot. to Proceed *In Forma Pauperis*, ECF No. 4, and a motion to seal the case, requesting the case be sealed because it contained "sensitive and confidential information of minors." First Mot. to Seal, ECF No. 2. Additionally, Mr. Hull sought a temporary restraining order on September 1, 2017, stating only that "all parties preserve all evidence, including emails." First Mot. for Temporary Restraining Order, ECF No. 3.

In addition, Mr. Hull sought a second temporary restraining order in order to prevent parties in this case from conferring with parties in two other matters he recently filed with the court.[1] Second Mot. For Temporary Restraining Order, ECF No. 10.

## Discussion

When a party files an application to proceed *in forma pauperis*, a court must engage in a two-step process of review. *See Bey v. Syracuse University*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, a court must determine whether the litigant qualifies to proceed *in forma pauperis* based on his or her economic status. 28 U.S.C § 1915. Second, a court must determine whether the cause of action is without merit. 28 U.S.C. § 1915(e)(2)(B). A court must dismiss the case if, "at any time" it determines the action is "frivolous or malicious"[2] or "fails to state a claim on which relief may be granted." *Id.* at § 1915(e)(2).

When a plaintiff appears *pro se*, the complaint must be liberally construed in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "The power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

After a careful review of the Notice of Removal, Third Party Complaints, and the related motion filings, the Court finds Mr. Hull's claims must be dismissed. *See* 28 U.S.C. § 1915(e)(2);

---

[1] These matters are *Hull v. Ponzani et al.*, 3:17-cv-01472-VAB (D.Conn, filed Aug. 1, 2017) and *Hull v. Ponzani et al.*, 3:17-cv-01473-VAB (D.Conn, filed Sept. 1, 2017).
[2] The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Fitzgerald v. First East Seventh Street Tenants Corp. et al*, 221 F.3d 362, 363 (2d Cir. 2000) (noting that dismissal is mandatory for frivolous claims under 28 U.S.C. §1915(e)(2)). First, despite its careful review and liberally construing the pleadings as required, the Court is unable to identify any factual allegations that would state a recognized cause of action against the plaintiffs or third-party defendants. Second, the pleadings are vague and merely cite federal or state statutes without any further explanation. As this Court has previously held, pleadings that are "fatally vague, ambiguous, or otherwise unintelligible" are properly subject to dismissal as "frivolous." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 520 (D. Conn. 2015), *reconsideration denied*, No. 3:14-CV-53 (CSH), 2015 WL 2124365 (D. Conn. May 6, 2015), and *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Trust Co*., 632 F. App'x 32 (2d Cir. 2016).

This case therefore **DISMISSED**. The Clerk of the Court is directed to enter judgment for Defendant and close this case.

SO ORDERED at Bridgeport, Connecticut, this **6**th day of September, 2017.


   /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge